**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000533**
**23-MAY-2018**
**08:37 AM**

NO. CAAP-17-0000533

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
LANDAN L. TOLENTINO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-15-05126)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Landan L. Tolentino appeals from
the Notice of Entry of Judgment and/or Order and Plea/Judgment
entered by the District Court of the First Circuit, Honolulu
Division ("District Court"),[1] on June 5, 2017 ("Judgment").
Tolentino was convicted of operating a vehicle under the
influence of an intoxicant ("OVUII"), in violation of Hawaii
Revised Statutes section 291E-61(a)(1) (Supp. 2014).

Tolentino appeals from the Judgment on the basis that
he did not intelligently, knowingly, and voluntarily waive his
right to testify because the District Court failed to (1) inform
him that if he were to testify, the prosecution would be allowed
to cross-examine him, or (2) engage him in a true oral exchange
to ascertain his understanding of his individual rights as
provided in *Tachibana v. State*, 79 Hawai‘i 226, 900 P.2d 1293
(1995), and as required under *State v. Pomroy*, 132 Hawai‘i 85,
319 P.3d 1093 (2014).

---

[1]    The Honorable Juan Montalbano presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we address Tolentino's points of error as follows and affirm:

(1) After Tolentino entered his not-guilty-plea, and prior to the State calling its first witness, the District Court offered its prior-to-trial-advisement of Tolentino's right to testify or not testify pursuant to *State v. Lewis*, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000):

> THE COURT: Mr. Tolentino, before we commence with your trial, I need to address a couple of things with you. The first is your right to testify and your right to remain silent.
>
> You have a constitutional right to testify on your own -- in your own defense.
>
> Do you understand?
>
> [TOLENTINO]: Yes.
>
> THE COURT: And if you decide to testify, that decision is yours and yours alone, and nobody can prevent you from taking the stand and testifying in your defense.
>
> Do you understand?
>
> [TOLENTINO]: Yes.
>
> THE COURT: However, I'm here to advise you that *if you do take the stand, the prosecutor will be able to cross-examine you, and you'll be compelled to answer pretty much any question she asks* unless your attorney can think of an objection that is sustained.
>
> Do you understand?
>
> [TOLENTINO]: Yes.
>
> THE COURT: You also have the constitutional right to remain silent.
>
> Do you understand that right?
>
> [TOLENTINO]: Yes.
>
> THE COURT: If you choose to remain silent and not testify in this case, the Court will not hold that against you in its deliberations regarding the charges that you're facing.
>
> Do you understand?
>
> [TOLENTINO]: (No audible response.)
>
> THE COURT: At the close of the Defense's trial, I'm going to ask you once again what is your preference regarding your right to testify or your right to remain silent. In consultation with your attorney, you can make a decision as to what you think is going to be the best outcome for you and your case. But nobody can prevent you from taking the stand

if you wish.

    Do you understand?

    [TOLENTINO]:  Yes.

(Emphasis added.)

    The State called a single witness, Honolulu Police Department Sergeant Zane Hamrick to testify against Tolentino. Following the State's case-in-chief, Tolentino indicated that he would not be testifying.  Because trial courts are required to "conduct an 'ultimate colloquy' in cases in which a defendant has not testified prior to the close of the case," *State v. Monteil*, 134 Hawai‘i 361, 370, 341 P.3d 567, 576 (2014), the District Court then administered the ultimate *Tachibana* colloquy,[2] stating:

> THE COURT:  All right.  Mr. Tolentino, I told you that at the -- before the close of your counsel's case I was going to speak with you once again about your right to testify or to remain silent.
>
> One second, please.
>
> Have you had an opportunity to discuss with your attorney whether or not it would be good for you to testify in this matter?
>
> [TOLENTINO]:  Yes.
>
> THE COURT:  And what is your decision, sir?
>
> [TOLENTINO]:  We're not going to testify.
>
> THE COURT:  Do you understand that you have a constitutional right to testify on your own defense?
>
> [TOLENTINO]:  Yes, sir.
>
> THE COURT:  And you understand that nobody can prevent you from testifying if you choose to do so?

---

[2]    *Tachibana* provided trial courts with the following specific guidance for the "ultimate colloquy" to ensure that defendants are informed of their rights regarding their testimony:

> [H]e or she has a right to testify, that if he or she wants to testify that no one can prevent him or her from doing so, and that if he or she testifies the prosecution will be allowed to cross-examine him or her.  In connection with the privilege against self-incrimination, the defendant should also be advised that he or she has a right not to testify and that if he or she does not testify then the jury can be instructed about that right.

*Tachibana*, 79 Hawai‘i at 236 n.7, 900 P.2d at 1303 n.7 (original brackets omitted) (quoting *State v. Neuman*, 371 S.E.2d 77, 82 (1988).

[TOLENTINO]: Yes.

THE COURT: And if you choose to remain silent, that will not be held against you today, after the conclusion of the evidence.

You understand?

[TOLENTINO]: Yes, sir.

THE COURT: All right. So --

[DEFENSE COUNSEL]: Defense rests, Your Honor.

THE COURT: All right.

And the decision you're making, Mr. Tolentino, is that in consultation with your attorney?

[TOLENTINO]: Yes.

THE COURT: All right. Court finds the defendant has knowingly, intentionally, voluntarily waived his right to testify with a full understanding of his rights regarding his right to testify and his right to remain silent.

After closing argument, the District Court found that Officer Hamrick testified credibly and that the State had proven the OVUII charge beyond a reasonable doubt.

Tolentino's first point of error is premised upon the fact that the District Court failed to inform Tolentino in its ultimate *Tachibana* colloquy that if he were to testify, the prosecution would be allowed to cross-examine him. The State contends that because "there was a short time between the pre-trial advisement and the ultimate advisement" any error was harmless.

We agree with Tolentino that the District Court erred in failing to include in its ultimate *Tachibana* colloquy that if Tolentino were to testify, the prosecution would be allowed to cross-examine him, *State v. Johnson*, No. CAAP-15-0000680, 2017 WL 436381, at *4 (Hawaiʻi App. Jan. 31, 2017); we disagree with the State that such error was harmless because of the short time between pre-trial and ultimate advisements, *State v. Eduwensuyi*, 141 Hawaiʻi 328, 335, 406 P.3d 732, 739 (2018); but conclude that based on the totality of the facts and circumstances such error was harmless because advising Tolentino that if he testified, he would be subject to cross-examination, would "only tend to make him less likely to testify, not more likely to testify." *Johnson*, 2017 WL 436381, at *4; *see also State v. Dykas*, No.

4

CAAP-17-00000352, 2018 WL 852202, at *2 (Hawai'i App. Feb. 14, 2018), *as amended* (Feb. 28, 2018) (holding that the district court's failure to inform defendant in the ultimate colloquy that no adverse inference could be drawn by the trier of fact if the defendant did not testify was harmless because the omitted advisement had and could have had no effect on defendant's decision not to testify).[3]/

(2) Tolentino additionally asserts that "pursuant to *State v. Pomroy*, 132 Hawai'i 85, 319 P.3d 1093 (2014), the District Court failed to engage [Tolentino] in a true colloquy" because "there was no true oral exchange to ascertain [Tolentino's] understanding of the individual rights comprising the *Tachibana* colloquy." The record, we conclude, demonstrates to the contrary.

"[A] colloquy is an oral exchange in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights." *Pomroy*, 132 Hawai'i at 93, 319 P.3d at 1101 (quoting *State v. Han*, 130 Hawai'i 83, 90, 306 P.3d 128, 135 (2013)) (internal quotation marks omitted). The Hawai'i Supreme Court held in *Pomroy* that the district court's recitation of a litany of rights, coupled with the district court's failure to "ascertain that [defendant] understood what it had told him, or, more importantly, understood his right to testify (or not testify)" did not amount to a true colloquy. 132 Hawai'i at 93-94, 319 P.3d at 1101-02.

---

[3]/ *Eduwensuyi* does not compel a different conclusion in light of the principal and critical distinction that, in *Edewensuyi*, the district court failed to include in its ultimate colloquy an advisement to the non-testifying defendant that (1) no one could prevent him from testifying, (2) that this decision was his and his alone to make, and (3) that if he decided not to testify, the factfinder would not use that decision against him. The first colloquy component relates to the defendant's right to testify, while the third component relates to the defendant's right not to testify. The second component relates to both the right to testify and the right not to testify. In concluding that the error was not demonstrably harmless in *Eduwensuyi*, the supreme court focused on the errors that affected the defendant's right to testify and held that "it is 'impossible to conclude' that violating Eduwensuyi's *right to testify* was harmless beyond a reasonable doubt." 141 Hawai'i at 336-37, 409 P.3d at 740-41 (emphasis added). Here, the single alleged error affects only Tolentino's right not to testify, which he nevertheless exercised.

5

*Pomroy*, however, is inapposite.[4] First, the District Court did not recite a litany of rights during the ultimate colloquy with Tolentino. *Contra Pomroy*, 132 Hawai'i at 89, 319 P.3d at 1097. Instead, during the ultimate colloquy in this case, the District Court engaged in an exchange with Tolentino that reiterated his rights given in the pretrial advisement and invited Tolentino to indicate if he understood, which he did. Second, the record is devoid of any indication that Tolentino was confused about his right to testify, and Tolentino does not contend that he was confused or did not understand his rights. *Contra Pomroy*, 132 Hawai'i at 93, 319 P.3d at 1101 (holding no true *Tachibana* colloquy where defendant told the district court "I don't understand what you're saying" and "mistakenly believed

---

[4] The district court in *Pomroy* gave the defendant the following advisement before asking him if he would be testifying:

> THE COURT: Alright. Mr. Pomroy, before your attorney [rests the defense's case], let me advise you. You have a right to testify on your own behalf. That decision is yours and yours alone. If you choose to testify you will be subject to cross-examination by the state. If you choose not to testify, I cannot hold that against you. But the only evidence I will have is what the State has presented, unless you have other witnesses; you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Alright. It is your choice to testify or not?
>
> THE DEFENDANT: I think I have already said what has happened, yeah. I don't have to testify.
>
> THE COURT: Alright. I don't know what you mean by "I've already said" because -
>
> THE DEFENDANT: In my report, when I made it two years ago, what had happened. That's pretty much what it is.
>
> THE COURT: So you're talking about what the officer testified to? Because you understand the police report is not in evidence. You understand that?
>
> THE DEFENDANT: I don't understand what you're saying. (Discussion between Counsel and Defendant)
>
> THE COURT: Alright.
>
> THE DEFENDANT: I don't need any testimony I guess.
>
> THE COURT: Your choice not to testify?
>
> THE DEFENDANT: Yes ma'am.

132 Hawai'i at 89, 319 P.3d at 1097.

6

that whatever [defendant] said in a police report was before the court"); *Han*, 130 Hawaiʻi at 92-93, 306 P.3d at 137-38 (holding no true *Tachibana* colloquy where language barrier existed and where defendant needing an interpreter "implicate[d] the importance of proper questioning to confirm that the [defendant] understood each of his rights with respect to his decision not to testify.") Accordingly, the District Court engaged in a true colloquy with Tolentino, and he intelligently, knowingly, and voluntarily waived his right to testify.

Therefore, the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on June 5, 2017, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawaiʻi, May 23, 2018.

On the briefs:

Brian S. Kim
(Park & Kim, LLLC)
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge